WHETHER AN OKLAHOMA CORPORATION, WHOSE PRESIDENT SITS ON A STATE BOARD, MAY ENTER INTO A CONSULTING AGREEMENT WITH ANOTHER STATE AGENCY.
THE PERTINENT FACTS AS PROVIDED TO THIS OFFICE ARE AS FOLLOW:
 AN OKLAHOMA CORPORATION, WOULD LIKE TO ENTER INTO A CONSULTING AGREEMENT WITH A STATE AGENCY. HOWEVER, THE PRESIDENT OF THE CORPORATION ALSO SITS ON A STATE BOARD.
IN A.G. OPIN. NO. 80-213 THIS OFFICE, IN RESPONSE TO A SIMILAR QUESTION, CONCLUDED THAT A STATE EMPLOYEE MAY NOT ENTER INTO A CONTRACT WITH ANOTHER STATE AGENCY, EITHER AS AN INDIVIDUAL OR THROUGH A BUSINESS ENTERPRISE IN WHICH THE EMPLOYEE HAS A SUBSTANTIAL FINANCIAL INTEREST.
THIS CONCLUSION WAS REACHED BY FIRST REFERRING TO 74 O.S. 1404(D) (NOW CODIFIED AS 74 O.S. 4241(4)) (1990) WHICH STATES:
"NO STATE EMPLOYEE SHALL:
 4. SELL, OFFER TO SELL, OR CAUSE TO BE SOLD, EITHER AS AN INDIVIDUAL OR THROUGH ANY BUSINESS ENTERPRISE IN WHICH HE HOLDS A SUBSTANTIAL FINANCIAL INTEREST, GOODS OR SERVICES TO ANY STATE AGENCY . . . EXCEPT, AS PROVIDED IN PARAGRAPH 3 OF SECTION 26 OF THIS ACT; (EMPHASIS ADDED)
 PARAGRAPH 3 OF SECTION 26 OF THIS ACT (NOW CODIFIED S 74 O.S. 4243(A)(1)) READS AS FOLLOWS:
"NO STATE AGENCY SHALL:
 1. ENTER INTO ANY CONTRACT WITH AN EMPLOYEE OF THE AGENCY, OR WITH A BUSINESS IN WHICH AN EMPLOYEE HOLDS A SUBSTANTIAL INTEREST, UNLESS THE CONTRACT IS MADE AFTER PUBLIC NOTICE BY THE AGENCY IN COMPLIANCE WITH COMPETITIVE BIDDING PROCEDURES. . . ."
THE OPINION REASONED THAT BY ITS LIMITED EXPRESSED TERMS, THE EXCEPTION FOUND IN 74 O.S. 1405(A) (NOW CODIFIED AS 74 O.S. 4243(A)(1)) WAS LIMITED TO CONTRACTS BETWEEN STATE AGENCIES AND THEIR OWN EMPLOYEES, OR BUSINESSES IN WHICH THEY HAD A SUBSTANTIAL FINANCIAL INTEREST. IT WAS THEREFORE CONCLUDED THAT SINCE THE QUESTION PRESENTED DEALT WITH CONTRACTS BETWEEN AN EMPLOYEE AND ANOTHER STATE AGENCY, THAT THE EXCEPTION FOUND IN SECTION 74 O.S. 4243(A)(1) WAS INAPPLICABLE.
HAVING DETERMINED INAPPLICABLE THE ONLY EXCEPTION TO THE PROHIBITION FOUND IN SECTION 74 O.S. 4241(A) ON THE SALE OF SERVICES BY STATE EMPLOYEES TO A STATE AGENCY, IT WAS DETERMINED THAT THE ANSWER TO THE QUESTION MUST COME FROM A CONSTRUCTION OF SECTION 4241(A) ITSELF.
IT IS A WELL-SETTLED PRINCIPLE THAT LEGISLATIVE ENACTMENTS MUST BE ANSWERED OR INTERPRETED IN ACCORDANCE WITH THE PLAIN, ORDINARY MEANING AND IMPORT OF THE LANGUAGE EMPLOYED UNLESS THERE IS AN AMBIGUITY, JACKSON V. INDEPENDENT SCHOOL DISTRICT NO. 16 OF PAYNE COUNTY, 648 P.2D 26, 29 (OKLA. 1982).
THE LANGUAGE FOUND IN 74 O.S. 4241(A) IS ELOQUENTLY CLEAR THAT A PERSON EMPLOYED BY THE STATE OF OKLAHOMA MAY NOT SELL, EITHER AS AN INDIVIDUAL OR THROUGH A BUSINESS ENTERPRISE WHICH HE HOLDS A SUBSTANTIAL FINANCIAL INTEREST, SERVICES TO ANY STATE AGENCY.
WITH THIS LANGUAGE IN MIND, IT APPEARS THAT TWO THRESHOLD QUESTIONS MUST BE ANSWERED TO DETERMINE WHETHER THE TRANSACTION INVOLVED IN THIS CASE WOULD FALL WITHIN THE ABOVE REFERENCED PROSCRIPTION. FIRST, IT MUST BE DETERMINED WHETHER OR NOT A BOARD MEMBER IS A STATE EMPLOYEE. SECONDLY, IT MUST BE DETERMINED WHETHER THE PRESIDENT OF A CORPORATION HAS A SUBSTANTIAL FINANCIAL INTEREST IN THE TRANSITION.
TO ANSWER THE FIRST QUESTION, REFERENCE MU T BE MADE TO 74 O.S. 840.3(2) (1990) WHERE A STATE EMPLOYEE IS DEFINED AS:
 "AN ELECTED OR APPOINTED OFFICER OR EMPLOYEE OF THE EXECUTIVE, JUDICIAL OR LEGISLATIVE BRANCH OF GOVERNMENT EXCEPT MEMBERS OF THE HOUSE OF REPRESENTATIVES AND THE SENATOR."
 CLEARLY, SUCH A DEFINITION WOULD INCLUDE A MEMBER OF A STATE BOARD. THE ANSWER TO THE SECOND QUESTION CAN BE FOUND IN 74 O.S. 840.3(9) (1990) WHICH READS IN PERTINENT PART:
 "SUBSTANTIAL FINANCIAL INTEREST MEANS THAT WHICH COULD RESULT DIRECTLY OR INDIRECTLY RECEIVING A SUBSTANTIAL PECUNIARY GAIN OR SUSTAINING A PECUNIARY LOSS AS A RESULT OF OWNERSHIP OR INTEREST IN A BUSINESS ENTITY, OR AS A RESULT OF SALARY, GRATUITY OR OTHER COMPENSATION OR NUMERATION FROM MY INDIVIDUAL PARTNERSHIP, ORGANIZATION, OR ASSOCIATION."
CLEARLY, AS PRESIDENT OF THE CORPORATION SUCH AN EMPLOYEE WOULD FALL WITHIN THE PURVIEW OF THIS DEFINITION.
HAVING THUS CONCLUDED THAT A MEMBER OF A STATE BOARD IS A STATE EMPLOYEE, AND THAT THE PRESIDENT OF A CORPORATION ENTERING INTO A CONSULTING AGREEMENT DOES HAVE A "SUBSTANTIAL FINANCIAL INTEREST" IN THE ARRANGEMENT, IT IS CLEAR THAT SUCH AN AGREEMENT IS PRECLUDED BY 74 O.S. 4241(A).
PLEASE BE COGNIZANT OF THE FACT THAT THIS OPINION DOES NOT ADDRESS CONTRACTS BETWEEN STATE AGENCIES AND THEIR OWN EMPLOYEES WHICH WOULD OPEN UP A BROAD RANGE OF LEGAL PROBLEMS AND CONSIDERATIONS THAT ARE NOT CONSIDERED HEREIN.
IT IS THEREFORE MY OPINION BASED ON THE FACT WHICH YOU HAVE PRESENTED THAT A CORPORATION WHOSE PRESIDENT IS ALSO A EMPLOYEE OF THE STATE OF OKLAHOMA MAY NOT ENTER INTO A CONSULTING AGREEMENT WITH ANOTHER STATE AGENCY, PURSUANT TO 74 O.S. 4241.(A).
(JOSEPH L. MCCORMICK)